**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PHILIP ANDREW MOUNTS,** <br><br> Plaintiff, <br><br> v. <br><br> **STATE OF CALIFORNIA, CALIFORNIA DEPARTMENT OF CORRECTIONS, JUDY HARRIS, AND DOES 1-50,** <br><br> Defendants. | 1:09-CV-00214-OWW-SMS <br><br> MEMORANDUM DECISION RE DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. 4) |

## I. INTRODUCTION

Plaintiff Philip Andrew Mounts ("Plaintiff"), appearing pro se, filed suit against the State of California ("State"), the California Department of Corrections ("CDC"), and Regional Supervisor of the CDC, Judy Harris ("Harris") (collectively "Defendants") in the Fresno County Superior Court on May 28, 2008. (Doc. 1 at 5.) On January 30, 2009, Defendants removed the action to this court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(b). (Doc. 1 at 2.)

Plaintiff alleges six causes of action against each defendant. Plaintiff alleges Defendants' conduct violated: (1) the Fair Employment and Housing Act ("FEHA"), California Government Code § 12940(a); (2) his Fourteenth Amendment Equal Protection rights under 42 U.S.C. § 1983; (3) article I, §§ 7, 8, and 31 of the California constitution; and (4) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

1

Before the court for decision is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 4.) Defendants challenge Plaintiff's complaint, asserting: (1) that the State and the CDC are immune from Plaintiff's § 1983 claim, and (2) that article I, §§ 7, 8, and 31 of the California constitution do not provide a private right of action for damages. (*Id.*) Defendants do not challenge Plaintiff's FEHA and Title VII claims. Defendants do not move to dismiss any of the claims against Harris, as they contend she is not a proper defendant in this action because she has not be served with process. (Doc. 1, ¶ 4.) Plaintiff filed no opposition, but counsel appeared on his behalf at oral argument and requested leave to amend the Complaint.

## II. BACKGROUND

Plaintiff, who is Caucasian, has been employed by the CDC as a Parole Agent I since October 1996. (Compl. ¶ 9.) Plaintiff alleges that on multiple occasions he applied for and was denied promotion to Parole Agent II. (Compl. ¶ 10.) Most recently, in November 2007, Plaintiff was denied promotion to Parole Agent II. (*Id.*) An application for promotion includes written and oral testing. (Compl. ¶ 12.) Plaintiff alleges that he achieved higher ratings on these tests than others who were promoted above him. (Compl. ¶ 13.) Plaintiff contends that Defendants did not promote him to Parole Agent II, despite being qualified for the position, because of his race. (Compl. ¶ 18.) Plaintiff alleges that Harris, his African-American supervisor, who is also responsible for making selections for promotion, preferred and

2

did promote non-qualified African-American candidates over Plaintiff. (Compl. ¶¶ 15-17.) Plaintiff has yet to be promoted to Parole Agent II, but is seemingly still employed by the CDC. (Compl. ¶ 19.)

### III. STANDARD OF DECISION

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be made if the plaintiff fails "to state a claim upon which relief can be granted." In deciding whether to grant a motion to dismiss, the court must "accept all factual allegations of the complaint as true and draw all reasonable inferences" in the light most favorable to the nonmoving party. *TwoRivers v. Lewis,* 174 F.3d 987, 991 (9th Cir. 1999); *see also Rodriguez v. Panayiotou,* 314 F.3d 979, 983 (9th Cir. 2002). "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061 (9th Cir. 2008) (citing *Bell Atl. v. Twombly,* 550 U.S. 544; 127 S. Ct. 1955 (2007) (rejecting interpretation of Rule 8 that permits dismissal only when the plaintiff can prove "no set of facts" in support of his claim). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). Something "more than labels and conclusions" is needed to provide the grounds for relief. *Bell Atl.,* 127 S. Ct. at 1965 (citing *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).

Pro se complaints are held to less stringent standards than formal pleadings by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A court must construe a pro se plaintiff's "inartful pleading" liberally in determining whether a claim has been stated, including pro se motions as well as complaints. *Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). This is especially true when a plaintiff appears pro se in a civil rights case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). "Dismissal of a *pro se* complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988).

### IV. DISCUSSION

#### A. § 1983 Claim

Plaintiff alleges violation of his Fourteenth Amendment rights under § 1983, arguing that as a member of a protected class, he was denied equal protection of the laws when he was not promoted to Parole Agent II solely because of his race. (Compl. ¶¶ 27-31.) Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

4

42 U.S.C. § 1983 (emphasis added).

Defendants argue that the State and the CDC are immune from suit under § 1983. "[A] State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Moreover, "[i]n the absence of a waiver by the state[,] . . . under the eleventh amendment, agencies of the state are immune from private damage actions . . . brought in federal court. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court." *Dittman v. Cal.*, 191 f.3d 1020, 1025-26 (9th Cir. 1999). Accordingly, the State and the CDC, as an agency of the State, are entitled to Eleventh Amendment immunity from suit. *See Brown v. Cal. Dep't of Corrections*, 554 F.3d 747, 752 (9th Cir. 2009) (holding that the CDC is entitled to eleventh amendment immunity) (citing *Dittman*, 191 F.3d at 1025-26).

Defendants' motion to dismiss is GRANTED WITH PREJUDICE as to his § 1983 claims against the State and the CDC.

B. <u>California Constitution, article I, § 7</u>

Defendants argue that Plaintiff cannot bring a private action for damages pursuant to article I, § 7. (Doc. 4 at 4-5.) In *Katzberg v. Regents of the University of California*, 29 Cal. 4th 300, 303 (2002), the California Supreme Court considered:

> [W]hether an individual may bring an action for money damages on the basis of an alleged violation of a provision of the California Constitution, in the absence of a statutory provision of an established common law tort authorizing such a damage remedy for the constitutional violation.

5

*Katzberg*, in determining whether article I, § 7(a)[1] established a right of action for damages, provided an extensive framework to guide courts in deciding whether a constitutional tort for damages will be recognized under any given constitutional provision. After applying the framework to article I, § 7(a), the California Supreme Court concluded that article I, § 7(a) did not intend to "afford a right to seek damages." *Id*. at 329. Moreover, the court did not find any "basis upon which to recognize a constitutional tort action for such damages."[2] *Id*.

Accordingly, under *Katzberg*, Plaintiff cannot maintain a claim for damages pursuant to article I, § 7(a), as no constitutional tort is recognized with respect to this constitutional provision. Defendants' motion to dismiss is **GRANTED WITH PREJUDICE** as to this claim for damages.

### C. California Constitution, article I, § 8

Defendants argue that Plaintiff cannot bring suit under article I, § 8 because Plaintiff has not been denied employment with the CDC. (Doc. 4 at 5.) Article I, § 8 provides:

A person may not be disqualified from entering or

---

[1] Section 7(a) provides: "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws . . . ." Here, Plaintiff alleges that he was denied equal protection of the laws when he was denied promotion based on his race.

[2] *Katzberg* maintained that most constitutional provisions support "an action, brought by a private plaintiff against a proper defendant, for declaratory relief or for injunction." *Katzberg*, 29 Cal.4th at 307. Here, Plaintiff only seeks damages.

> pursuing a business, profession, vocation, or
> employment because of sex, race, creed, color or
> national or ethnic origin.

A claim under Article I, § 8 of the California constitution "may only be brought where a plaintiff has been denied entrance into a profession or particular employment or terminated from the same." *Strother v. S. Cal. Permanente Med. Group*, 79 F.3d 859, 871 (9th Cir. 1996). Plaintiff has not alleged that he was denied employment, or that he was terminated from his employment as Parole Agent I. Plaintiff alleges only that he was denied promotion to Parole Agent II. As Plaintiff has not alleged facts indicating that he was denied entrance into the profession of being a Parole Agent, nor has he indicated that he was terminated from employment, Plaintiff's article I, § 8 claim fails as a matter of law.

Defendants' motion to dismiss is GRANTED WITH PREJUDICE as to this claim.

### D. California Constitution, article I, § 31

Defendants argue that they are "unaware of any Article 1 § 31 provision in the State Constitution." (Doc. 4 at 5.) However, even cursory review of the California Constitution reveals that article I, § 31 exists. It provides, in pertinent part:

> (a) The state shall not discriminate against, or grant
> preferential treatment to, any individual or group on
> the basis of race, sex, color, ethnicity, or national
> origin in the operation of public employment, public
> education, or public contracting.

Article I, § 31(g) provides that the "remedies available for violations of this section shall be the same . . . as are

otherwise available for violations of then-existing California anti-discrimination law." Because FEHA embodies California's anti-discrimination law, and a plaintiff may seek damages under FEHA, *Murillo v. Rite Stuff Foods, Inc.*, 65 Cal. App. 4th 833, 842 (1998), it follows that a plaintiff may also seek damages for a violation of article I, § 31. However, no California court has directly addressed whether a remedy for damages is available under article I, § 31, nor has any they considered a case in which a plaintiff seeks damages for violating article I, § 31. It is also unclear whether FEHA's administrative exhaustion requirement, which is discussed below, applies to a constitutional claim brought under § 31. Defendants, however, do not raise any substantive grounds for the dismissal of this claim and no *sua sponte* grounds for dismissal are apparent. Moreover, because, as is discussed below, Plaintff's FEHA and Title VII claims remain, there is no apparent reason to decline to exercise supplemental jurisdiction over the § 31 claim.

Defendants' motion to dismiss is DENIED as to this claim.

E. **FEHA - Title VII Claims**

Defendants do not challenge Plaintiff's FEHA claim under California law, nor do they challenge Plaintiff's Title VII claim under federal law. However, under FEHA, a plaintiff must exhaust the FEHA administrative remedy - filing a claim with the California Department of Fair Employment and Housing ("DFEH") - prior to filing suit. *Rojo v. Kliger*, 52 Cal. 3d 65, 88 (1990). Similarly, a plaintiff must also exhaust administrative remedies with the EEOC [Equal Employment Opportunity Commission] prior to

bringing a Title VII claim. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). Here, Plaintiff does not allege that he has exhausted administrative remedies with the DFEH or the EEOC prior to filing this action.

Some authority exists to support the proposition that failure to exhaust administrative remedies under FEHA and Title VII is jurisdictional, which would prove fatal to Plaintiff's claims. *See Martin v. Lockheed Missiles & Space Co.*, 29 Cal. App. 4th 1718, 1724 (1994) ("We have recognized, in the context of [FEHA], that '[t]he failure to exhaust an administrative remedy is a jurisdictional, not a procedural defect'. . . . (quoting *Miller v. United Airlines, Inc.*, 174 Cal. App. 3d 878, 890 (1985))); *see also B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002) ("In order to establish subject matter jurisdiction over her Title VII claim, Plaintiff was required to exhaust her administrative remedies.").

However, authority also exists to support a finding that administrative exhaustion under FEHA and Title VII is not jurisdictional. *See Grant v. CompUSA, Inc.*, 109 Cal. App. 4th 637, 644-45 (2003) ("Other courts, both state and federal, have questioned whether the failure to exhaust FEHA . . . remedies is truly jurisdictional in the sense of depriving a trial court of fundamental or subject matter jurisdiction, or whether it should be viewed merely in the nature of a condition precedent or an affirmative defense that can be waived if it is not asserted by the defendant."); *see also Temengil v. Trust Territory of Pacific Islands*, 881 F.2d 647, 654 (9th Cir. 1989) ("Pursuit of administrative remedies is a condition precedent to a Title VII

claim.  The requirement, however, is not jurisdictional. Equitable conditions may excuse the failure to file an EEOC complaint with the proper time period." (internal citations omitted)).

The court is unaware of any authority that suggests it has a *sua sponte* duty to address the issue of failure to plead exhaustion of administrative remedies.  Defendants attempted to move to dismiss on this ground at oral argument.  However, in light of the fact that an amended complaint will be filed by Plaintiff, it is more efficient to resolve these issues in connection with the amended complaint.

### V.  CONCLUSION

Defendants' motion to dismiss is GRANTED WITH PREJUDICE as to Plaintiff's § 1983 claim and his claims pursuant to article I, §§ 7 and 8 of the California constitution.

Defendants' motion to dismiss article I, § 31 of the California constitution is DENIED.

Plaintiff shall have thirty (30) days to file an amended complaint.

Defendants shall lodge a form of order confirming these findings within five (5) days following date of electronic service by the clerk.

IT IS SO ORDERED.

**Dated:   April 22, 2009**               /s/ Oliver W. Wanger
                                     UNITED STATES DISTRICT JUDGE